IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CT-3309-FL

| | |
|---|---|
| RAHEEM AKBAR SHABAZZ FLOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| EDWARD J. McMAHON and ) | |
| M.J. MOSALL, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on defendants' motions for summary judgment (DE 67, 73), filed pursuant to Federal Rule 56. Also before the court is plaintiff's motion for voluntary dismissal (DE 79). These motions were fully briefed and thus the issues raised are ripe for decision. For the reasons stated below, plaintiff's motion is denied and defendants' motion are granted.

**STATEMENT OF THE CASE**

On December 3, 2015, while he was a pretrial detainee, plaintiff filed this civil rights action pro se pursuant to 42 U.S.C. § 1983, alleging, inter alia, that defendants tampered with his legal mail. On June 17, 2016, this court dismissed plaintiff's claims without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the court determined that plaintiff had only alleged an isolated incident, and that plaintiff had failed to demonstrate any actual injury. The court also determined that it lacked jurisdiction under Younger v. Harris, 401 U.S. 37 (1971), and its progeny.

Plaintiff appealed. On October 18, 2016, the Fourth Circuit dismissed plaintiff's appeal and remanded the case with instructions to allow plaintiff to file an amended complaint. Floyd v. McMahon, No. 16-6937, 2016 WL 6081359, at *1 (4th Cir. Oct. 18, 2016). On November 15, 2016,

the court entered an order reinstating this action and directing plaintiff to file an amended complaint. Plaintiff filed his amended complaint[1] on December 7, 2016, contending defendants opened his legal mail, which has "put the defense of [his pending state court criminal] case in jeopardy." In addition to monetary damages, plaintiff sought the dismissal of his pending charges in state court. The amended complaint survived frivolity review.

On March 19, 2018, pursuant to defendants' motion, the court dismissed plaintiff's requests for injunctive relief pursuant to Younger. With regard to plaintiff's surviving claims for monetary damages, the court stayed the proceedings during the pendency of plaintiff's state court criminal proceedings. (Id.). The court lifted the stay on May 22, 2018.

On June 18, 2018, defendant Edward J. McMahon ("McMahon") filed the instant motion for summary judgment, supported by a memorandum of law, statement of material facts, and appendix. Defendant McMahon's appendix includes affidavits from McMahon and third-party Douglas W. Carriker and a transcript of plaintiff's guilty plea in the related state criminal case.

On July 19, 2018, defendant M.J. Mosall ("Mosall") filed the instant motion for summary judgment, supported by a memorandum of law, statement of material facts, and appendix. Defendant Mosall's appendix includes affidavits from Mosall, McMahon, and Carriker; the mail regulations for New Hanover County Detention Center ("NHDC"); a transcript of plaintiff's guilty plea; and a copy of an incident report from NHDC.

Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified plaintiff about the motions for summary judgment, the consequences of failing to respond,

---

[1] Plaintiff's amended complaint is not verified because it does not contain a statement swearing under penalty of perjury that the factual allegations therein are true and correct. See World Fuel Servs. Trading, DMCC v. Hebei Prince Shipping Co., 783 F.3d 507, 516 (4th Cir. 2015).

2

and the response deadlines. Plaintiff did not respond to the summary judgment motions. Rather, he filed a motion for voluntary dismissal.

## STATEMENT OF THE FACTS

During the relevant time period, plaintiff was a pretrial detainee at NHDC. (Mosall Aff. (DE76-6) ¶ 6. On or about March 7, 2015, plaintiff drafted a letter to his appointed counsel regarding the charges pending against him. (See (DE 50-1)). The letter was returned to NHDC on March 12, 2015 in a large manilla envelop because it contained insufficient postage. (Mosall Aff. (DE76-6) ¶¶ 10-11). Mosall opened this manila envelope. (Id. ¶ 11). Inside the manila envelope, plaintiff's letter was sealed in a regular envelope labeled "legal mail." (Id. at ¶¶ 12-13).

NHDC maintains a policy which expressly prohibits staff from opening or inspecting legal correspondence if the addressee is not present. (Id. ¶ 8). In contravention of this policy, Mosall opened the sealed regular envelope to ensure it did not contain contraband. (Id. ¶¶ 14-16). Defendant McMahon was not present when Mosall did so. (McMahon Aff. (DE 76-1) ¶¶ 10-11). Although he checked the envelope for contraband, Mosall did not read plaintiff's letter. (Mosall Aff. (DE76-6) ¶ 17). Mosall put plaintiff's letter back in the envelope, and then returned the envelope to plaintiff. (Id. ¶¶ 17-18).

In January 2018, plaintiff pleaded guilty to second degree murder pursuant to North Carolina v. Alford, 400 U.S. 25 (1970). (Carriker Aff. (DE 70-2) ¶ 6). Neither Mosall nor any other NHDC official shared the contents of plaintiff's letter with any party responsible for prosecuting his case. (Id. ¶¶ 9-10).

**DISCUSSION**

A.    Motion for Voluntary Dismissal

An action may be dismissed voluntarily by plaintiff without order of the court by filing a notice of dismissal at any time before service by the adverse party of an answer or a motion for summary judgment. See Fed. R. Civ. P. 41(a)(1). Otherwise an action shall not be dismissed on the plaintiff's request except upon an order of the court. See Fed. R. Civ. P. 41(a)(2). The Fourth Circuit has "held that the mere filing of a motion for summary judgment is not, without more, a basis for refusing to dismiss without prejudice," but has "also found on multiple occasions that a district court does not abuse its discretion in denying a motion for voluntary dismissal if the case has advanced to the summary judgment stage and the parties have incurred substantial costs in discovery." Howard v. Inova Health Care Servs., 302 Fed.Appx. 166, 179 (4th Cir. 2008) (internal quotation marks omitted) (collecting cases). In other words, the "denial of voluntary dismissal is appropriate where summary judgment is imminent." Davis v. USX Corp., 819 F.2d 1270, 1274 (4th Cir. 1987); see also Skinner v. First Am. Bank of Virginia, 64 F.3d 659, 1995 WL 507264, at *2 n.2 (4th Cir. 1995) (unpublished) ("[I]t is unfair to a defendant to let a claimant select a forum in which to prosecute her claims, then be allowed to bail out scotfree to try the same claims in another forum after losing on the merits or seeing the adverse handwriting on the wall in the first chosen forum." (alteration in original)).

Here, both defendants filed motions for summary judgment. In support of these motions, defendants prepared supporting memoranda, statements of facts, and several affidavits. Despite receiving Roseboro notices, plaintiff did not respond to these motions. Plaintiff did not diligently pursue voluntarily dismissal, and only filed his motion as the summary judgment response deadline

4

neared expiration. The motion for voluntary dismissal does not substantively address defendants' summary judgment arguments, nor does it sufficiently explain why plaintiff requires a dismissal without prejudice. Rather, plaintiff simply states his incarceration and limited knowledge of the law prevent him from prosecuting his case. This assertion is belied by plaintiff's post-incarceration filings in this case. (See (DE 56, 58, 59, 60, 63, 72)).

For these reasons, plaintiff's motion for voluntary dismissal is DENIED. Furthermore, plaintiff's failure to comply with the court's Roseboro notice provides an alternate basis for dismissing his claims.

B.  Summary Judgment

1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading" but "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248-49; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The nonmoving party thus "bears the burden of showing, by means of affidavits or other verified evidence, that [a] genuine dispute of material fact exists." Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477

U.S. at 250.

B.  Analysis

    1.  Opening of Legal Mail

In <u>Wolff v. McDonnell</u>, 418 U.S. 539, 577 (1974), the Supreme Court approved prison regulations requiring incoming mail identified as being from an attorney to be opened and searched in the presence of the prisoner, stating this regulation was "all, and perhaps even more, than the Constitution requires." Moreover, where a prisoner complains of "a few isolated instances of [his] mail being opened out of his presence[,]" the allegations do not rise to the level of a First Amendment violation, particularly where the incidents were contrary to prison policy, accidental, or committed by an "unauthorized subordinate." <u>Buie v. Jones</u>, 717 F.2d 925, 926 (4th Cir. 1983). Here, the record establishes plaintiff's legal mail was opened once outside his presence by Mosall. Thus, plaintiff alleges no more than an isolated incident of his mail being opened outside his presence, committed by a detention center official acting in contravention of jail policy. Accordingly, plaintiff's claim regarding defendant Mosall opening his legal mail lacks merit. <u>Buie</u>, 717 F.2d at 926.

Plaintiff also alleges Mosall denied him access to the courts by opening his mail outside his presence. To state a claim for denial of access to the courts, plaintiff must show actual injury or that defendant's conduct hindered his efforts to pursue a legal claim. <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 351-57 (1996); <u>Michau v. Charleston Cty.</u>, 434 F.3d 725, 728 (4th Cir. 2006); <u>Cochran v. Morris</u>, 73 F.3d 1310, 1317 (4th Cir. 1996). The summary judgment record is wholly devoid of evidence that plaintiff's efforts to defend his criminal case were impaired by Mosall opening plaintiff's legal mail. The record indicates Mosall did not read plaintiff's letter, much less share its contents with

6

the prosecution. Likewise, there is no evidence either defendant hindered any other communication between plaintiff and defense counsel.

    2.    Supervisory Liability

Plaintiff argues McMahon violated his rights based on a supervisory liability theory. Where plaintiff has failed to demonstrate an underlying constitutional violation, plaintiff cannot establish a claim for supervisory liability. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (holding claim for supervisory liability requires underlying constitutional violation).

## CONCLUSION

Based on the foregoing, the court DENIES plaintiff's motion for voluntary dismissal (DE 79), and GRANTS defendants' respective motions for summary judgment (DE 67, 73). The court DIRECTS the clerk to close this case.

SO ORDERED, this 27th day of March, 2019.

                                          _____
                                          LOUISE W. FLANAGAN
                                          United States District Judge